1  ERIC ZIMBELMAN, ESQ.
   Nevada Bar No. 9407
2  **PEEL BRIMLEY LLP**
   3333 E. Serene Avenue, Suite 200
3  Henderson, Nevada 89074-6571
   Telephone: (702) 990-7272
4  Facsimile:  (702) 990-7273
   ezimbelman@peelbrimley.com
5  *Attorneys for Defendant*
   *Mollerup Glass Company*
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE WHITING-TURNER CONTRACTING COMPANY, a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MOLLERUP GLASS COMPANY, a Utah corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS MOLLERUP GLASS COMPANY'S AND EMPLOYERS MUTUAL CASUALTY COMPANY'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT Defendants Mollerup Glass Company ("Mollerup") by and through its counsel, Eric Zimbelman and the law firm of PEEL BRIMLEY LLP, and Employers Mutual Casualty Company ("EMCC"), by and through its counsel, Kurt C. Faux and Faux Law Group, hereby remove this action from the Eighth Judicial District Court for Clark County, Nevada, Case No. A-24-907508-C to the United States District Court for the District of Nevada. Federal jurisdiction exists over these proceedings pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because there is complete diversity between the parties and because the amount in controversy exceeds $75,000.00. In support of removal, Mollerup states:

**I.     INTRODUCTION AND BACKGROUND**

This action arises from a dispute between Plaintiff THE WHITING-TURNER CONTRACTING COMPANY. ("WTC" or "Plaintiff") and Defendants Mollerup and EMCC, which issued a performance bond surety on behalf of Mollerup. WTC's filed its Complaint in the

Eighth Judicial District Court of Nevada on December 6, 2024[1] and served the same by way of Acceptances of Service dated December 19, 2024 (EMCC) and December 20, 2024 (Mollerup) respectively. Accordingly, and pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely filed.

Plaintiff's Complaint alleges (1) Breach of Contract, (2) Breach of Implied Covenant of Good Faith and Fair Dealing, (3) Breach of Warranty, (4) Express Indemnity, (5) Equitable Indemnity, (6) Implied Indemnity, (7) Unjust Enrichment, (8) Negligence, (9) Claim Against Performance Bond, and (10) Declaratory Relief.[2] Plaintiff's Complaint alleges that it has been damaged in an amount exceeding $6,000,000.00.[3]

As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants Mollerup and EMCC have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Mollerup and EMCC filed this Notice of Removal jointly and mutually consent to the removal.

## II.   REMOVAL IS PROPER IN THIS CASE

### A. Complete Diversity Exists Between Plaintiff and Defendant.

Plaintiff is a Maryland corporation with its principal place of business in Maryland, and for jurisdictional purposes, is a citizen of Maryland. *See* U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Defendant Mollerup is a Utah corporation with its principal place of business in Utah. Defendant EMCC is an Iowa insurance company with its principal place of business in Iowa. There are no other parties in this action at this time and Defendants understand that additional parties that may be subsequently joined will not destroy diversity. Accordingly, complete diversity exists and is expected to continue to exist even with anticipated joinder of additional parties.

---

[1] A true and correct copy of the Complaint is submitted herewith as **Exhibit 1**.
[2] See Complaint (**Exhibit 1**) at ¶¶ 31-126.
[3] See Complaint ¶¶ 36, 72, 81, 109, 117, 126.

**B. The Amount in Controversy Exceeds $75,000.00.**

A preponderance of evidence supports the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 2007 WL 2916193 (9th Cir. Oct. 9, 2007). Here, Plaintiff's Complaint expressly alleges damages in excess of $6,000,000.00.[4] Additionally, Plaintiff seeks recovery "for the amount of the Performance Bond" issued by EMCC,[5] which bond Plaintiff expressly alleges to be in the penal sum of $5,831,700.00.[6] Based on these allegations, it is clear Plaintiff's claimed damages are in excess of $75,000. *See Guglielmino*, 2007 WL 2916193, slip op. at n.5. Accordingly, the jurisdictional amount is satisfied in this case.

### III. MOLLERUP AND EMCC HAVE SATISFIED THE PROPER PROCEDURAL REQIREMENT FOR REMOVAL

This notice is timely filed within 30 days of service of the Complaint and summons. 28 U.S.C. § 1446(b). Specifically, the Complaint was filed on December 6, 2024 and was served by way of Acceptances of Service dated December 19, 2024 (EMCC) and December 20, 2024 (Mollerup) respectively. Accordingly, and pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely filed.

Venue, for removal purposes, properly lies in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1446(a) because it encompasses the Eighth Judicial District Court, where this action was originally brought.

Defendants will file a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court and will serve a copy on Plaintiff's counsel as required by 28 U.S.C. § 1446(d). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders that were filed in the state court action are attached hereto as **Exhibit 1**.

---

[4] See Complaint ¶¶ 36, 72, 81, 109, 117, 126.
[5] See Complaint, Prayer for Relief.
[6] See Complaint ¶ 114.

## IV.   CONCULSION

For all the above reasons, it is proper for Defendants to remove this action from the Eighth Judicial District Court for Clark County, Nevada to the United States District Court for the District of Nevada.

Dated this 17th day of January, 2025.

**PEEL BRIMLEY LLP**

*/s/ Eric Zimbelman*

ERIC ZIMBELMAN, ESQ.
Nevada Bar No. 9407
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone: (702) 990-7272
ezimbelman@peelbrimley.com
*Attorneys for Defendant*
*Mollerup Glass Company*

**FAUX LAW GROUP**

*/s/ Kurt Faux*

KURT C. FAUX, ESQ.
Nevada Bar No. 003407
2625 n. Green Valley Parkway, Suite 100
Henderson, Nevada 89014
Telephone: (702) 458-5790
kfaux@fauxlaw.com
*Attorneys for Defendant Employers Mutual Casualty Company*

# CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that I am an employee of **PEEL BRIMLEY, LLP**, and that on this 17th day of January, 2025, I caused the above and foregoing document, **NOTICE OF REMOVAL TO FEDERAL COURT**, to be served as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☒ pursuant to NEFCR 9, upon all registered parties via the Court's electronic filing system;

☐ pursuant to EDCR 7.26, to be sent **via facsimile;**

☐ to be hand-delivered; and/or

☐ other _____

to the attorney(s) and/or party(ies) listed below:

*/s/ Christopher Tertipes*
_____
An employee of **PEEL BRIMLEY, LLP**