ERIC ZIMBELMAN, ESQ.
Nevada Bar No. 9407
**PEEL BRIMLEY LLP**
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone: (702) 990-7272
Facsimile: (702) 990-7273
ezimbelman@peelbrimley.com
*Attorneys for Defendant*
*Mollerup Glass Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THE WHITING-TURNER CONTRACTING COMPANY, a Maryland corporation,

Plaintiff,

vs.

MOLLERUP GLASS COMPANY, a Utah corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; and DOES 1-25, inclusive,

Defendants.

MOLLERUP GLASS COMPANY, a Utah corporation;

Third-Party Plaintiff,

vs.

NORTHWESTERN INDUSTRIES-ARIZONA, INC, an Arizona corporation; DOES 1 through 100, inclusive.

Third-Party Defendant

Case No. 2:25-cv-00111

**DEFENDANT MOLLERUP GLASS COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

Defendant, MOLLERUP GLASS COMPANY ("Mollerup"), by and through its attorneys of the law firm PEEL BRIMLEY LLP, hereby Answers the Complaint [ECF No. 1] of Plaintiff The Whiting-Turner Contracting Company ("WTCC") on file herein, and admits, denies and alleges as follows:

/ / /

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

**PARTIES**

1. Answering Paragraph 2 of the Complaint, Mollerup admits that WTCC is a Maryland Corporation but Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

2. Answering Paragraph 3 of the Complaint, Mollerup admits that it is a Utah corporation authorized to conduct business in Clark County, Nevada at all relevant times herein.

3. Answering Paragraph 4of the Complaint, Mollerup admits that it maintains a valid Nevada Contractor License, license number 0053326 (C-8 Glass and Glazing).

4. Answering Paragraph 5 of the Complaint, Mollerup admits that Employers Mutual Casualty Surety Company ("EMCC") is an Iowa surety authorized to conduct business as a surety in Nevada and issued Performance Bond #S024665 in the amount of $5,831,700 (the "Performance Bond"). Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

5. Answering Paragraph 6 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

6. Answering Paragraph 7 of the Complaint, Mollerup states that the allegations contained therein call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendant denies the same.

7. Answering Paragraph 8 of the Complaint, Mollerup states that the allegations contained therein call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

8. Answering Paragraph 9 of the Complaint, Mollerup states that the allegations contained therein call for a legal conclusion and therefore, no response is required. To the extent a response is required, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

/ / /

/ / /

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

**JURISDICTION AND VENUE**

9. Answering Paragraph 10 of the Complaint Mollerup states that the allegations contained therein call for a legal conclusion and therefore, no response is required. To the extent a response is required, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

10. Answering Paragraph 11 of the Complaint, Mollerup states that the subcontract referenced therein and attached to WTCC's Complaint as Exhibit 1 ("the Subcontract"), to the extent it is authentic, speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

11. Answering Paragraph 12 of the Complaint, Mollerup states that the allegations contained therein call for a legal conclusion and therefore, no response is required. To the extent a response is required, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

12. Answering Paragraph 13 of the Complaint, Mollerup denies that the Eighth Judicial District Court of Nevada has jurisdiction of this matter because Defendants removed the same to this (federal) court. Defendants admit that this court (the United States District Court for the District of Nevada) has jurisdiction as to the subject matter of this action and personal jurisdiction over the parties to this action.

**BACKGROUND ALLEGATIONS**

13. Answering Paragraph 14 of the Complaint, Mollerup admits that this action pertains to the construction of a commercial office building (the "Project") but lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

14. Answering Paragraph 15 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

15. Answering Paragraph 16 of the Complaint, Mollerup admits that it contracted with WTCC to provide certain work, materials and/or equipment to the Project, including the installation of insulated glass units ("IGUs"). Mollerup further admits that the initially contracted-

for amount of the Subcontract was $5,831,700. Mollerup denies the remaining allegations of this paragraph and states that the Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

16. Answering Paragraph 17 of the Complaint, Mollerup states that the Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

17. Answering Paragraph 18 of the Complaint, Mollerup states that the Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

18. Answering Paragraph 19 of the Complaint, Mollerup states that the Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

19. Answering Paragraph 20 of the Complaint, Mollerup admits that EMCC issued the Performance Bond and states that the Performance Bond speaks for itself. Mollerup denies any mischaracterization of the Performance Bond and any inconsistent allegations with the Performance Bond.

20. Answering Paragraph 21 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

21. Answering Paragraph 22 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein, some of which may require expert testimony, and therefore denies the same.

22. Answering Paragraph 23 of the Complaint, Mollerup admits that WTCC reported that a very small percentage of IGUs have broken since installation but denies the remaining allegations of this paragraph.

23. Answering Paragraph 24 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein, some of which may require expert testimony, and therefore denies the same.

24. Answering Paragraph 25 of the Complaint, Mollerup denies the allegations

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

contained therein.

25. Answering Paragraph 26 of the Complaint, Mollerup denies the allegations contained therein.

26. Answering Paragraph 27 of the Complaint, Mollerup denies the allegations contained therein.

27. Answering Paragraph 28 of the Complaint, Mollerup denies that it caused WTCC's otherwise voluntary removal and replacement of unbroken IGUs and affirmatively states that it (Mollerup) has promptly removed and replaced each and every broken IGU at its own expense. Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

28. Answering Paragraph 29 of the Complaint, Mollerup admits that it has made reasonable efforts to resolve the dispute, including promptly repairing and replacing each and every broken IGU at its own expense, and that WTCC's unreasonable demand for replacement of all unbroken IGUs (which form the vast majority of IGUs at the Project) has prevented resolution of the dispute.

29. Answering Paragraph 30 of the Complaint, Mollerup denies the allegations therein.

**FIRST CAUSE OF ACTION (Breach of Contract)**

30. Answering Paragraph 31 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference

31. Answering Paragraph 32 of the Complaint, Mollerup admits it entered the Subcontract with WTCC, which Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

32. Answering Paragraph 33 of the Complaint, Mollerup denies the allegations therein.

33. Answering Paragraph 34 of the Complaint, Mollerup denies the allegations therein.

34. Answering Paragraph 35 of the Complaint, Mollerup denies the allegations therein. Further, Mollerup affirmatively states that it promptly repaired and/or replaced each and every broken IGU at its own expense, and that it has no obligation to repair or replace the unbroken IGUs (which form the vast majority of IGUs at the Project) as WTCC unreasonably demands.

35. Answering Paragraph 36 of the Complaint, Mollerup denies the allegations therein.

36. Answering Paragraph 37 of the Complaint, Mollerup denies the allegations therein.

37. Answering Paragraph 38 of the Complaint, Mollerup specifically denies that it has any obligation to accede to WTCC's unreasonable demands and otherwise denies the allegations of this paragraph.

**SECOND CAUSE OF ACTION (Good Faith and Fair Dealing)**

38. Answering Paragraph 39 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference

39. Answering Paragraph 40 of the Complaint, Mollerup admits it entered the Subcontract with WTCC, which Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

40. Answering Paragraph 41 of the Complaint, Mollerup denies the allegations therein.

41. Answering Paragraph 42 of the Complaint, Mollerup denies the allegations therein.

42. Answering Paragraph 43 of the Complaint, Mollerup denies the allegations therein.

43. Answering Paragraph 44 of the Complaint, Mollerup denies the allegations therein.

44. Answering Paragraph 45 of the Complaint, Mollerup denies the allegations therein.

45. Answering Paragraph 46 of the Complaint, Mollerup denies the allegations therein.

46. Answering Paragraph 47of the Complaint, Mollerup denies the allegations therein.

47. Answering Paragraph 48 of the Complaint, Mollerup specifically denies that it has any obligation to accede to WTCC's unreasonable demands and otherwise denies the allegations of this paragraph.

**THIRD CAUSE OF ACTION (Breach of Warranty)**

48. Answering Paragraph 49 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference

49. Answering Paragraph 50 of the Complaint, Mollerup denies the allegations therein.

50. Answering Paragraph 51 of the Complaint, Mollerup states that Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

51. Answering Paragraph 52 of the Complaint, Mollerup states that Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

52. Answering Paragraph 53 of the Complaint, Mollerup denies the allegations therein.

53. Answering Paragraph 54 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein, some of which may require expert testimony, and therefore denies the same.

54. Answering Paragraph 55 of the Complaint, Mollerup denies the allegations therein.

55. Answering Paragraph 56 of the Complaint, Mollerup denies the allegations therein.

56. Answering Paragraph 57 of the Complaint, Mollerup denies the allegations therein.

57. Answering Paragraph 58 of the Complaint, Mollerup denies the allegations therein.

58. Answering Paragraph 59 of the Complaint, Mollerup specifically denies that it has any obligation to accede to WTCC's unreasonable demands and otherwise denies the allegations of this paragraph.

**FOURTH CAUSE OF ACTION (Express Indemnity)**

59. Answering Paragraph 60 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference

60. Answering Paragraph 61 of the Complaint, Mollerup admits it entered the Subcontract with WTCC, which Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

61. Answering Paragraph 62 of the Complaint, Mollerup admits it entered the Subcontract with WTCC, which Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

62. Answering Paragraph 63 of the Complaint, Mollerup denies the allegations therein.

63. Answering Paragraph 64 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein, some of which may require expert testimony, and therefore denies the same.

64. Answering Paragraph 65 of the Complaint, Mollerup denies the allegations therein.

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

65. Answering Paragraph 66 of the Complaint, Mollerup denies the allegations therein.

66. Answering Paragraph 67 of the Complaint, Mollerup denies the allegations therein.

67. Answering Paragraph 68 of the Complaint, Mollerup denies the allegations therein.

68. Answering Paragraph 70 of the Complaint, Mollerup specifically denies that it has any obligation to accede to WTCC's unreasonable demands and otherwise denies the allegations of this paragraph.

**FIFTH CAUSE OF ACTION (Equitable Indemnity)**

69. Answering Paragraph 70 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference

70. Answering Paragraph 71 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein, some of which may require expert testimony, and therefore denies the same.

71. Answering Paragraph 72 of the Complaint, Mollerup denies that it caused WTCC's otherwise voluntary removal and replacement of unbroken IGUs and affirmatively states that it (Mollerup) has promptly removed and replaced each and every broken IGU at its own expense. Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

72. Answering Paragraph 73 of the Complaint, Mollerup denies that it failed to in good faith or in compliance with the subcontract or industry standards. Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein, some of which may require expert testimony, and therefore denies the same.

73. Answering Paragraph 74 of the Complaint, Mollerup denies the allegations therein.

74. Answering Paragraph 75 of the Complaint, Mollerup denies the allegations therein.

75. Answering Paragraph 76 of the Complaint, Mollerup denies the allegations therein.

76. Answering Paragraph 77 of the Complaint, Mollerup denies the allegations therein.

77. Answering Paragraph 78 of the Complaint, Mollerup specifically denies that it has breached its obligations or has any obligation to accede to WTCC's unreasonable demands and otherwise denies the allegations of this paragraph. Mollerup lacks sufficient information to form

a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

**SIXTH CAUSE OF ACTION (Implied Indemnity)**

78. Answering Paragraph 79 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference

79. Answering Paragraph 80 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein, some of which may require expert testimony, and therefore denies the same.

80. Answering Paragraph 81 of the Complaint, Mollerup denies that it caused WTCC's otherwise voluntary removal and replacement of unbroken IGUs and affirmatively states that it (Mollerup) has promptly removed and replaced each and every broken IGU at its own expense. Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

81. Answering Paragraph 82 of the Complaint, Mollerup denies that it failed to act in good faith or in compliance with the Subcontract, industry standards, and pursuant to its legal obligations. Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein, some of which may require expert testimony, and therefore denies the same.

82. Answering Paragraph 83 of the Complaint, Mollerup denies the allegations therein.

83. Answering Paragraph 84 of the Complaint, Mollerup denies the allegations therein.

84. Answering Paragraph 85 of the Complaint, Mollerup denies the allegations therein.

85. Answering Paragraph 86 of the Complaint, Mollerup denies the allegations therein.

86. Answering Paragraph 87 of the Complaint, Mollerup denies the allegations therein.

87. Answering Paragraph 88 of the Complaint, Mollerup specifically denies that it has breached its obligations or has any obligation to accede to WTCC's unreasonable demands and otherwise denies the allegations of this paragraph. Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

**SEVENTH CAUSE OF ACTION (Unjust Enrichment)**

88. Answering Paragraph 89 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference.

89. Answering Paragraph 90 of the Complaint, Mollerup states that the allegations contained therein call for a legal conclusion and therefore, no response is required. To the extent a response is required, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

90. Answering Paragraph 91 of the Complaint, Mollerup admits it entered the Subcontract with WTCC, which Subcontract speaks for itself. Mollerup denies any mischaracterization of the Subcontract and any inconsistent allegations with the Subcontract.

91. Answering Paragraph 92 of the Complaint, Mollerup admits that EMCC issued the Performance Bond and states that the Performance Bond speaks for itself. Mollerup denies any mischaracterization of the Performance Bond and any inconsistent allegations with the Performance Bond.

92. Answering Paragraph 93 of the Complaint, Mollerup denies the allegations therein.

93. Answering Paragraph 94 of the Complaint, Mollerup denies the allegations therein.

94. Answering Paragraph 95 of the Complaint, Mollerup denies the allegations therein.

95. Answering Paragraph 96 of the Complaint, Mollerup admits it received payment from WTCC but denies the remaining allegations of this paragraph.

96. Answering Paragraph 97 of the Complaint, Mollerup denies the allegations therein.

97. Answering Paragraph 98 of the Complaint, Mollerup denies the allegations therein.

98. Answering Paragraph 99 of the Complaint, Mollerup denies the allegations therein.

99. Answering Paragraph 100 of the Complaint, this paragraph is a prayer for relief, and not a factual or legal allegation to which Mollerup is obligated to respond. To the extent a response is required, Mollerup denies the allegations therein.

100. Answering Paragraph 101 of the Complaint, Mollerup denies the allegations therein.

101. Answering Paragraph 102 of the Complaint, Mollerup specifically denies that it

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

has breached its obligations or has any obligation to accede to WTCC's unreasonable demands and otherwise denies the allegations of this paragraph. Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

**EIGHTH CAUSE OF ACTION (Negligence)**

102. Answering Paragraph 103 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference.

103. Answering Paragraph 104 of the Complaint, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein, some of which may require expert testimony, and therefore denies the same.

104. Answering Paragraph 105 of the Complaint, Mollerup states that the allegations contained therein call for a legal conclusion and therefore, no response is required. To the extent a response is required, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

105. Answering Paragraph 106 of the Complaint, Mollerup states that the allegations contained therein call for a legal conclusion and therefore, no response is required. To the extent a response is required, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

106. Answering Paragraph 107 of the Complaint, Mollerup denies the allegations therein.

107. Answering Paragraph 108 of the Complaint, Mollerup denies the allegations therein.

108. Answering Paragraph 109 of the Complaint, Mollerup denies the allegations therein.

109. Answering Paragraph 110 of the Complaint, Mollerup denies that it caused WTCC's otherwise voluntary removal and replacement of unbroken IGUs and affirmatively states that it (Mollerup) has promptly removed and replaced each and every broken IGU at its own expense. Mollerup lacks sufficient information to form a belief as to the truth of the remaining

allegations contained therein and therefore denies the same.

110. Answering Paragraph 111 of the Complaint, Mollerup denies the allegations therein.

**NINTH CAUSE OF ACTION (Claim Against Performance Bond)**

111. Answering Paragraph 112 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference.

112. Answering Paragraph 113 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent a response from Mollerup is required, Mollerup states that the Performance Bond speaks for itself. Mollerup denies any mischaracterization of the Performance Bond and any inconsistent allegations with the Performance Bond.

113. Answering Paragraph 114 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent a response from Mollerup is required, Mollerup states that the Performance Bond speaks for itself. Mollerup denies any mischaracterization of the Performance Bond and any inconsistent allegations with the Performance Bond.

114. Answering Paragraph 115 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent a response from Mollerup is required, Mollerup states that the Performance Bond speaks for itself. Mollerup denies any mischaracterization of the Performance Bond and any inconsistent allegations with the Performance Bond.

115. Answering Paragraph 116 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent a response from Mollerup is required, Mollerup states that the Performance Bond speaks for itself. Mollerup denies any mischaracterization of the Performance Bond and any inconsistent allegations with the Performance Bond.

116. Answering Paragraph 117 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

a response from Mollerup is required, Mollerup denies that it caused WTCC's otherwise voluntary removal and replacement of unbroken IGUs and affirmatively states that it (Mollerup) has promptly removed and replaced each and every broken IGU at its own expense. Mollerup lacks sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

117. Answering Paragraph 118 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent a response from Mollerup is required, Mollerup lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

118. Answering Paragraph 119 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent a response from Mollerup is required, Mollerup denies the allegations therein.

119. Answering Paragraph 120 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent a response from Mollerup is required, Mollerup denies the allegations therein.

120. Answering Paragraph 121 of the Complaint, Mollerup states that these allegations are not directed to Mollerup and, therefore no response from Mollerup is required. To the extent a response from Mollerup is required, Mollerup denies the allegations therein.

**TENTH CAUSE OF ACTION (Declaratory Relief)**

121. Answering Paragraph 122 of the Complaint, Mollerup repeats and re-alleges each and every response contained in the preceding paragraphs and incorporates the same by reference.

122. Answering Paragraph 123 of the Complaint, Mollerup denies the allegations therein.

123. Answering Paragraph 124 of the Complaint, Mollerup denies the allegations therein.

124. Answering Paragraph 125 of the Complaint, Mollerup denies the allegations therein.

125. Answering Paragraph 126 of the Complaint, Mollerup denies the allegations

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

therein.

**AFFIRMATIVE DEFENSES**

Having answered Plaintiff's Complaint, Mollerup hereby asserts the following Affirmative Defenses:

1. Plaintiff's Complaint on file herein fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred as a result of fraud and/or illegality.

3. Plaintiff's claims as alleged in its Complaint, and the damages alleged therein, if any in fact exist, are the direct and proximate result of Plaintiff's own intentional, willful and/or negligent acts and deeds.

4. Plaintiff's claims as alleged in its Complaint, and the loss and damage, if any in fact exist, are the direct and proximate result of the acts, deeds, omissions or failure to act, or the conduct of third parties, including parties whose identities and/or names are presently unknown, over whom Mollerup had no control, nor the right, duty or obligation to control.

5. The Plaintiff has breached the Subcontract and therefore Mollerup is afforded a complete and/or partial defense to the claims of Plaintiff stated in the Complaint.

6. The claims of Plaintiff as alleged in the Complaint, and the loss and damage, if any in fact exist, are the direct and proximate result of intervening and superseding acts, over which Mollerup had no control.

7. Plaintiff failed to mitigate the damages incurred, if any, and therefore, any recovery awarded to Plaintiff against Mollerup, if any, should be reduced by that amount not mitigated.

8. The Complaint and the causes of action therein are barred under the Economic Loss Doctrine under Nevada law in a commercial construction project, and as such Plaintiff cannot recover on its claims arising from alleged negligence of Mollerup.

9. Plaintiff's claims are barred by the applicable limitations period.

10. The Plaintiff has waived its damages in whole or in part against Mollerup and is therefore legally prevented from prevailing in this action.

11. Plaintiff has failed to act in good faith in this matter and has denied Mollerup the

benefit of its bargain in entering into the Subcontract

12. Plaintiff has breached the Subcontract and/or interfered with Mollerup's rights under the Subcontract to Mollerup's detriment, and as such has caused and/or increased its damage in this matter, if any, and Mollerup therefore has no liability in this matter.

13. Plaintiff is seeking betterment of the work provided by Mollerup and therefore is not entitled to recover from Mollerup to the extent of such betterment.

14. Plaintiff has spoliated evidence in this matter and as such should be denied relief as pled.

15. Plaintiff's Complaint seeks recovery of damages specifically bared by the Subcontract, including but not limited to consequential damages.

16. Plaintiff has failed to submit warranty claims to the IGU manufacturer and/or others as required by the Subcontract and has thereby breached the agreement and failed to mitigate its damages.

17. Plaintiff has failed to submit this controversy to applicable insurance as required by the Subcontract and as such Mollerup has no independent liability.

18. Plaintiff has asserted defects in construction that do not exist or that are caused by misuse, abuse, normal wear and tear or the work of Plaintiff and/or its agents outside of the control of Mollerup and for which Mollerup has no liability under the Contract, or otherwise.

19. Plaintiff has no damages in this matter, as it received performance as required by the Subcontract and within the standards of the construction industry applicable to the Project and/or that were contemplated by the design of the Project as provided by Plaintiff.

20. Plaintiff's claims are barred by application of the Spearin doctrine. Specifically, but without limitation, Plaintiff's claims are barred because Plaintiff breached its own contractual and implied obligations to Mollerup and Mollerup is not liable for defects in the plans and specifications furnished by Plaintiff or Plaintiff's representatives relied upon by Mollerup to construct the project pursuant to those plans and specifications, and, as a result, Mollerup is released or discharged from its obligations, if any, to Plaintiff.

21. Plaintiff's causes of action fail as a matter of law under the doctrine of election of

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

remedies.

22. Plaintiff's causes of action fail as a matter of law under the doctrines of accord and satisfaction, equitable estoppel, laches, release, and are otherwise time barred by the statute of limitations.

23. Plaintiff expressly or implicitly approved of all work performed and all materials supplied by Mollerup.

24. Plaintiff's damages, if any, must be reduced by an amount proportionate to the value of the beneficial use of any product supplied and/or installed by Mollerup.

25. Mollerup hereby incorporate by reference those affirmative defenses enumerated in FRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend its answer to the Complaint to specifically assert the same. Such defenses are incorporated by reference for the specific purpose of not waiving same.

26. Mollerup has had insufficient time to investigate all potential facts as defenses to this action for purposes of FRCP 11, and as such reserves the right to amend and supplement these defenses upon additional discovery.

/ / /

/ / /

/ / /

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

**WHEREFORE**, Defendant prays for relief as follows:

1. That Plaintiffs' Complaint be denied and that Plaintiff take nothing by way of this action;
2. That the Court award Defendant its costs;
3. That the Court award Defendant its reasonable attorneys' fees as may be required or permitted by rule or statute; and
4. For such other and further relief as the Court deems appropriate in the circumstances.

Dated this 25th day of February, 2025.

**PEEL BRIMLEY LLP**

***/s/ Eric Zimbelman***

ERIC ZIMBELMAN, ESQ.
Nevada Bar No. 9407
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone: (702) 990-7272
ezimbelman@peelbrimley.com
*Attorneys for Defendant Mollerup Glass Company*

**THIRD PARTY COMPLAINT**

Defendant/Third-Party Plaintiff MOLLERUP GLASS COMPANY ("Mollerup"), by and through its attorneys of record, the law firm PEEL BRIMLEY LLP, alleges and avers as follows:

**PARTIES AND JURISDICTION**

1. Defendant/Third-Party Plaintiff, Mollerup is and was at all times material to this Third-Party Complaint a Utah corporation in good standing, authorized to conduct business, and doing business, in Clark County, Nevada. At all times material to this Third-Party Complaint, Mollerup maintained and currently maintains a Nevada Contractor License, license number 0053326 (C-8 Glass and Glazing).

2. Defendant/Third-Party Plaintiff is informed and believes, and therefore alleges that Third-Party Defendant NORTHWESTERN INDUSTRIES-ARIZONA, INC. (hereinafter referred to as "NWI" or "Third-Party Defendant") is and was at all times relevant to this action an Arizona Corporation, authorized to conduct business, and doing business, in Clark County, Nevada.

3. Defendant/Third-Party Plaintiff is informed and believes, and therefore alleges that The Whiting-Turner Contracting Company ("WTCC"), as Plaintiff in the above and related action from which this Third-Party Complaint arises is and was at all relevant times (i) a Maryland corporation authorized to conduct business, and doing business, in Clark County, Nevada and (ii) a licensed Nevada contractor holding multiple licenses from the Nevada State Contractors Board, including A (General Engineering) and B (General Building) licenses.

4. Defendant/Third-Party Plaintiff is informed and believes, and therefore alleges that Employers Mutual Casualty Company ("EMCC") is a an Iowa insurance company with its principal place of business in Iowa who was named as a Defendant in this action by WTCC.

5. Defendant/Third-Party Plaintiff does not know the true names of the individuals, corporations, partnerships and entities sued and identified in fictitious names as DOES I through X, ROE CORPORATIONS I through X, BOE BONDING COMPANIES I through X, LOE LENDERS I through X and TOE TENANTS I through X (collectively, "Doe Third-Party Defendants"). Defendant/Third-Party Plaintiff alleges that such Doe Third-Party Defendants are responsible for the damages suffered by Defendant/Third-Party Plaintiff as more fully discussed under the claims for relief set forth below. Defendant/Third-Party Plaintiff will request leave of this Honorable Court to amend this Third-Party Complaint to show the true names and capacities of each such fictitious Third-Party Defendant when Defendant/Third-Party Plaintiff discovers such information.

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) and 28 U.S.C. §1441 because there is complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds the sum of $75,000.00.

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in Nevada and a substantial part of the property that is the subject of the action is situated.

8. Additionally, the claims herein arise out of a contract or other agreement for the improvement of property or for the construction, alteration or repair of a work of improvement in Nevada and, pursuant to NRS 108.2453(2), litigation, arbitration or other process for dispute resolution on disputes arising out of the contract or other agreement may not occur in a state other than Nevada and may not apply the laws of any state other than Nevada. Accordingly, this action is subject to and must be reviewed under the substantive laws of Nevada.

**GENERAL ALLEGATIONS**

9. Third-Party Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint, incorporate them by reference, and further allege as follows:

10. As alleged in WTCC's Complaint (filed on or about December 6, 2024 in the Eighth Judicial District Court of Nevada and removed to this Court by Mollerup and EMCC), this action (the "Action") arises out of the parties' participation in the construction of a high-rise commercial office building (the "Project") owned by the Howard Hughes Corporation or its affiliated/related entities ("Project Owner") located at 1700 S Pavilion Center Drive, Las Vegas, Nevada 89135 (the "Property").

11. WTCC further alleges that it served as the Project's Construction Manager who contracted with Summerlin Development, LLC, the Development Manager, for construction of the Project. WTCC contracted with Defendant/Third-Party Plaintiff Mollerup to provide glass and glazing, including the installation of insulated glass units ("IGUs") and that EMCC issued a performance bond, with Mollerup as bond principal, EMCC as bond surety, with respect to Mollerup's work on the Project.

12. As part of its work on the Project, Mollerup solicited and purchased, and Third-Party Defendant NWI manufactured and provided, the IGUs for installation in the Project pursuant to plans and specifications provided by the Project Owner and WTCC to Mollerup and NWI.

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

Before providing IGUs to the Project, and before Mollerup installed the IGUs in the Project, Mollerup provided NWI with the project specifications, including project-specific ASTM requirements. NWI confirmed that it could and would meet all such criteria.

13. Before providing IGUs to the Project, and before Mollerup installed the IGUs in the Project, NWI provided Mollerup with submittals in accordance with Project plans and specifications demonstrating NWI's intended compliance with such plans and specifications (the "Submittals"). Mollerup in turn provided the Submittals to WTCC and WTCC provided the Submittals to the Development Manager, Project Owner, and their designers and others in privity with them for approval, which approval was given before NWI manufactured the IGUs and before Mollerup commenced its work on the Project.

14. In selecting NWI to manufacture the IGUs, Mollerup reasonably relied in good faith on NWI's skill, expertise, experience, and reputation, as well as the Submittals provided by NWI and their approval the Development Manager, Project Owner, and their designers and others in privity with them. Additionally, NWI expressly warranted (to Mollerup, WTCC and the Project Owner) its workmanship and materials and specifically and expressly warranted that the "insulated glass units shall be free of material and workmanship defects" for a period of 10 years from date of manufacture and under normal conditions.

15. Among other activities specific to the Project and during its participation in the Project, NWI (i) provided Mollerup with fabrication reports and mock-up glass on multiple occasions, (ii) engaged in Project meetings to discuss, among other things, preplanning for the project shipment, travel, fabrication and installation methods that will be utilized, (iii) provided advice and direction on shipment of glass as relates to Utah, California and Nevada and special considerations for the capillary tubes within the IGUs. NWI also arranged for and participated in delivery of the IGUs to Utah, California and Nevada as part of the manufacturing and installation process.

16. Despite the IGUs' apparent conformance to the plans and specifications as confirmed by the Submittals and NWI's warranties, beginning several months after the IGUs had been installed, WTCC began advising Mollerup of periodic IGU breakages (the "Breakages").

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

Mollerup in turn advised NWI of the Breakages and demanded that NWI honor its warranties with respect to the Breakages. NWI refused or ignored all such requests and Mollerup was required to and did provide and install replacement IGUs to the Project as requested by WTCC for all such Breakages.

17. Although the Breakages constituted a small fraction of the total number of IGUs installed by Mollerup in the Project, WTCC demanded (ostensibly at the instance of the Project Owner) that Mollerup replace each and every ICU on the Project (the "Total Replacement"). Although Mollerup considers such a demand to be unreasonable and a matter of economic waste, Mollerup was and is nonetheless exposed to potential liability to WTCC for the cost of the Total Replacement in addition to and/or including the cost of the repair and replacement of the Breakages incurred to date.

18. Mollerup is informed and believes and therefore alleges that the defects and damages claimed by WTCC involve alleged defects in, damage to, or destruction of property relating to the Project. Mollerup is further informed and believes, and thereon alleges, that in the event WTCC recovers damages against Mollerup, said damages were caused by NWI arising out of and connected with the performance of its express, implied and/or equitable obligations to Mollerup.

19. In response to WTCC's demand for repair and replacement of the Breakages, as well as its demand for Total Replacement, Mollerup repeatedly made demand upon NWI that NWI provide and/or participate in the cost of the Total Replacement and to defend, indemnity and hold Mollerup harmless from and against WTCC's claims and demands as made herein. Despite NWI's express, implied and/or equitable obligations to Mollerup, NWI refused and/or failed to respond to Mollerup's demands.

**FIRST CAUSE OF ACTION**
**(Express Indemnity)**

20. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

21. Mollerup is informed and believes and thereon alleges NWI entered into one or more

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

written agreements with Mollerup, wherein NWI agreed to design, engineer, develop, manufacture, fabricate, construct, install and supply labor, materials and components for the IGUs and the Subject Property, maintain insurance covering property damage, defend, hold harmless and indemnify Mollerup for any claim arising from its work and materials, and entitling Mollerup to recover its attorney fees and costs

22. Mollerup is informed and believes and thereon alleges the defects and damages claimed by WTCC involve alleged defects in, damage to, or destruction of property, and Mollerup further is informed and believes, and thereon alleges, that in the event WTCC recovers damages against Mollerup, said damages were caused by NWI arising out of and connected with the performance of NWI's obligations pursuant to those agreements herein referred to and entered into by NWI \

23. Mollerup has demanded, and by this action demands, that NWI defend, release, hold harmless, and indemnify Mollerup for any liability, and the resulting sums to be paid, if any, that are assigned to Mollerup due to judgment on, or settlement of, the allegations in the Action.

24. Mollerup is informed and believes and thereon alleges that NWI has failed and/or refused to, and continues to fail and refuses to, defend, release, hold harmless, and indemnify Mollerup herein.

25. Mollerup is entitled to express indemnity, including costs and attorney fees, according to proof at the time of trial, from NWI pursuant to the terms of the agreements entered into between Mollerup and NWI but in an amount no less than $75,000.00.

26. Mollerup has been required to engage the services of an attorney to defend the Action and prosecute this Third-Party Complaint, and is entitled to recover from NWI its reasonable costs, attorney's fees and interest therefor.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

27. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

28. Mollerup is informed and believes, and thereon alleges that pursuant to the terms of said written agreements, NWI undertook obligations, including but not limited to, maintaining

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

liability insurance policies, naming Mollerup as an additional insured under its respective policies of liability insurance, indemnifying Mollerup, defending Mollerup, and providing its products and materials and performing its work in a good and workmanlike manner in accordance with the contract, plans and specifications for the Subject Property.

29. Mollerup has fully performed all conditions, covenants and promises required of it to be performed in accordance with the terms and conditions of said written agreements.

30. Mollerup is informed and believes and thereon alleges that NWI has breached said written agreements by refusing and failing to comply with its contractual obligations to maintain liability insurance, to name Mollerup as an additional insured under said policies of liability insurance, to indemnify Mollerup, to defend Mollerup, and considering WTCC's allegations arguendo, which Mollerup denies, to provide its products and materials and to perform its work in a good and workmanlike manner, without defects or damages, and in accordance with said agreements.

31. As a direct and proximate result of NWI's breaches of contract, Mollerup has been damaged in a sum that exceeds $75,000.00.

32. Mollerup has been required to engage the services of an attorney to defend the Action and prosecute this Third-Party Complaint, and is entitled to recover from NWI its reasonable costs, attorney's fees and interest therefor.

**THIRD CAUSE OF ACTION**
**(Equitable Indemnity)**

33. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

34. Mollerup, by way of its Answer to WTCC's Complaint, has denied and continues to deny WTCC's allegations and has asserted by way of its Answer the appropriate affirmative defenses.

35. In the event, however, the trier of fact concludes Mollerup is liable to WTCC, or if Mollerup should enter into a settlement or compromise with WTCC, Mollerup alleges that any responsibility, settlement or compromise on the part of Mollerup will be due to the negligence and/or fault of NWI.

36. By reason of the foregoing, if WTCC should recover judgment against Mollerup or if Mollerup should enter into a settlement or compromise with WTCC, then Mollerup shall be entitled to judgement in a like amount, in whole or in proportion to fault, for indemnity over and against NWI; and in addition, Mollerup will be entitled to recover from NWI all costs, expenses and attorneys' fees that Mollerup incurs in the preparation and presentation of its defense of the principal action and in the preparation, presentation and prosecution of this Third-Party Complaint.

**FOURTH CAUSE OF ACTION**
**(Breach of Express Warranty)**

37. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

38. The written agreements by and between Mollerup and NWI provide the description of the products and materials to be provided and work to be performed by NWI as well as the guarantee and warranty of said products, materials, and work.

39. Mollerup relied upon such warranties and believed, in good faith, that the Project would comply with the approved plans and specifications for the construction of the Project and would be free from defective construction, workmanship and/or damages.

40. Mollerup has fully performed all conditions and promises required on its part to be performed in accordance with the terms and conditions of the underlying written agreements.

41. Mollerup has provided notice, or by this Third-Party Complaint provides notice, to NWI, of claims asserted by WTCC which Mollerup denies, but that would trigger the warranty provisions contained within the written agreements.

42. Mollerup has undertaken a defense of the matter in question and has incurred expenses in defense of the claims; therefore, Mollerup alleges that it is entitled to judgement over and against NWI for all sums that Mollerup incurs, if any, by reason of any judgment, settlement and expense of litigation, including reasonable attorney fees and costs, as provided by the contract agreements.

///

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

**FIFTH CAUSE OF ACTION**
**(Breach of Implied Warranty)**

43. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

44. Mollerup is informed and believes and thereon alleges NWI impliedly warranted the IGUs were designed and constructed in a reasonable and workmanlike manner and that they were of merchantable quality and safe and fit for the foreseeable or intended use.

45. Mollerup relied upon NWI's skill and judgment.

46. WTCC has alleged in the Action that Mollerup is somehow liable for the damages alleged, which Mollerup denies, and should Mollerup be adjudged liable or enter into a settlement with WTCC, then Mollerup is informed and believes and upon such information and belief alleges in such event the proximate cause of WTCC's damages was NWI's breach of warranty of merchantable quality, design, and/or construction in a reasonably workmanlike manner, safe and fit for its foreseeable and intended use.

47. Mollerup has notified NWI appropriately and also intends this Third-Party Complaint to constitute further notice to NWI of the breach of said implied warranty.

48. As a direct and proximate result of the breach of implied warranty by NWI, Mollerup has incurred and continues to incur considerable expenses in defending this suit and may have to pay all or part of any recovery realized by WTCC.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief Regarding Duty to Defend)**

49. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

50. An actual controversy exists between Mollerup and NWI regarding their rights and liabilities with respect to any ultimate responsibility to WTCC, if any, and with respect to the rights of Mollerup to receive, or duty of NWI to provide, a defense to Mollerup; Mollerup contends that if WTCC's claims as alleged arise out of or in any manner are connected to the work, materials or services provided by NWI or the contracts with Mollerup, then NWI has an obligation to defend Mollerup without, and before, any determination of the liability of Mollerup

or NWI for the damages alleged by WTCC. Mollerup is informed and believes and thereon alleges that NWI contends to the contrary, and therefore, an actual controversy exists relative to the legal rights and duties of the respective parties pursuant to their agreements, which controversy Mollerup requests the Court to resolve.

**SEVENTH CAUSE OF ACTION**
**(Declaratory Relief Regarding Duty to Indemnify)**

51. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

52. An actual controversy exists between Mollerup and NWI regarding their rights and liabilities with respect to any ultimate responsibility for WTCC's claims and with respect to the right to receive, or duty to give, indemnification in whole or in proportion to their comparative fault; Mollerup contends that if it suffers judgement in the action brought by WTCC, or if it pays monies by way of reasonable compromise of said claim, then Mollerup is entitled to be indemnified by NWI, and entitled to judgment over and against NWI to the extent of Mollerup's financial responsibility to WTCC, if any, and for all fees and costs incurred in defense of WTCC's claims.

53. Mollerup is informed and believes and thereon alleges that NWI contends to the contrary; therefore, an actual controversy exists relative to the legal rights and duties of the respective parties pursuant to their written agreements, which controversy Mollerup requests the Court to resolve.

**EIGHTH CAUSE OF ACTION**
**(Declaratory Relief Regarding Duty to Duty to Name Mollerup as Additional Insured)**

54. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

55. An actual controversy exists between Mollerup and NWI regarding their rights and duties in that Mollerup contends NWI was required to name Mollerup as an additional insured under the policies of insurance provided by the NWI's insurers.

///

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

56. Mollerup is informed and believes and thereon alleges that NWI contends to the contrary; therefore, an actual controversy exists relative to the legal rights and duties of the respective parties pursuant to their written agreements, which controversy Mollerup requests the Court to resolve.

**NINTH CAUSE OF ACTION**
**(Contribution)**

57. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

58. Mollerup is not responsible legally, or otherwise, for the damages or defects alleged by WTCC in the Action. Despite this, Mollerup has become exposed to potential liability, in whole or in part, for the damages claimed by WTCC in the Action. Mollerup has also become exposed to, has incurred, and is continuing to incur expenses investigating and defending the claims asserted by WTCC in the Action.

59. In the event the trier of fact concludes that Mollerup is liable to WTCC, Mollerup alleges that any responsibility found on its part, which it denies, will be due to the negligence and/or fault of NWI.

60. By reason of the foregoing, if WTCC should recover judgment against Mollerup, then Mollerup will be entitled to contribution over and against Third-Party Defendant NWI for all such amounts the trier of fact may determine were the result of the acts or omissions of Mollerup. Mollerup will also be entitled to contribution over and against NWI for costs, expenses, and attorneys' fees that Mollerup incurred in the preparation and presentation of the defense of the Action, and in the preparation, presentation and prosecution of this Third-Party Complaint in an amount no less than $75,000.00.

61. Mollerup has been required to engage the services of an attorney to defend the Action and prosecute this Third-Party Complaint, and is entitled to recover from NWI its reasonable costs, attorney's fees and interest therefor.

///

///

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

**TENTH CAUSE OF ACTION**
**(Apportionment)**

62. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

63. Mollerup is not responsible legally, or otherwise, for the damages or defects alleged by WTCC in the Action. Despite this, Mollerup has become exposed to potential liability, in whole or in part, for the damages claimed by WTCC in the Action. Mollerup has also become exposed to, have incurred, and is continuing to incur expenses investigating and defending the claims asserted by WTCC in the Action.

64. In the event the trier of fact concludes that Mollerup is liable to WTCC, Mollerup alleges that any responsibility found on its part, which it denies, will be due to the negligence and/or fault of Third-Party Defendant, NWI.

65. By reason of the foregoing, if WTCC should recover judgment against Mollerup, then Mollerup will be entitled to apportionment over and against Third-Party Defendant NWI for all such amounts the trier of fact may determine were the result of the acts or omissions of NWI. Mollerup will also be entitled to apportionment over and against NWI for costs, expenses, and attorneys' fees that Mollerup incurred in the preparation and presentation of the defense of the Action, and in the preparation, presentation and prosecution of this Third-Party Complaint.

66. Mollerup has been required to engage the services of an attorney to defend the Action and prosecute this Third-Party Complaint, and is entitled to recover from NWI its reasonable costs, attorney's fees and interest therefor in an amount no less than $75,000.00..

**ELEVENTH CAUSE OF ACTION**
**(Negligence)**

67. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

68. Third-Party Defendant NWI owed and breached a duty of care to Mollerup and any other parties affected by its negligent manufacture of the IGUs (as alleged by WTCC). Mollerup has been damaged, an amount no less than $15,000.00, by such negligence in the form of (i) exposure to potential liability, in whole or in part, for the damages claimed by WTCC in the Action and

(ii) costs, expenses, and attorneys' fees that Mollerup incurred in the preparation and presentation of the defense of the Action, and in the preparation, presentation and prosecution of this Third-Party Complaint in an amount no less than $75,000.00.

69. Mollerup has been required to engage the services of an attorney to defend the Action and prosecute this Third-Party Complaint, and is are entitled to recover from NWI its reasonable costs, attorney's fees and interest therefor.

**TWELFTH CAUSE OF ACTION**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

70. Mollerup repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

71. Pursuant to the foregoing agreements, contracts, guarantees and warranties for design, development and construction of the Project and provision of the IGUs by NWI, NWI was obligated to act and perform the duties and obligations created therein fairly and in good faith to permit satisfaction and completion of the purpose of their agreements, contracts, guarantees and warranties.

72. Pursuant to the foregoing, if the Subject Property and/or the IGUs are adjudged defectively designed, developed and/or constructed, as alleged by WTCC, which Mollerup denies, NWI breached its individual covenants of good faith and fair dealing, thereby causing damages to Mollerup by virtue of WTCC's allegations, and for which NWI is liable to Mollerup

73. Mollerup has been required to engage the services of an attorney to defend the Action and prosecute this Third-Party Complaint, and is are entitled to recover from NWI its reasonable costs, attorney's fees and interest therefor.

**PRAYER FOR RELIEF**

WHEREFORE, Mollerup prays that this Honorable Court enter judgment for Mollerup and against the NWI as follows:

1. For damages in an amount in excess of $15,000.00;

2. For Third-Party Defendants' reasonable costs and attorneys' fees as damages in an amount in excess of $15,000.00; and

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

3. For Third-Party Defendants' reasonable costs and attorney's fees incurred in the prosecution of this Third-Party Complaint;

4. For the declaratory relief sought herein; and

5. For such other and further relief as the Court deems appropriate in the circumstances.

Dated this 25th day of February, 2025.

**PEEL BRIMLEY LLP**

***/s/ Eric Zimbelman***

ERIC ZIMBELMAN, ESQ.
Nevada Bar No. 9407
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone: (702) 990-7272
ezimbelman@peelbrimley.com
*Attorneys for Defendant Mollerup Glass Company*

PEEL BRIMLEY LLP
3333 E. SERENE AVENUE, STE. 200
HENDERSON, NEVADA 89074
(702) 990-7272 ♦ FAX (702) 990-7273

**CERTIFICATE OF SERVICE**

I certify that I am an employee of **PEEL BRIMLEY, LLP**, and that on this 25th day of February, 2025, I electronically submitted the above and foregoing document, **DEFENDANT MOLLERUP GLASS COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**, to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the CM/ECF registrants

*/s/ Christopher Tertipes*

An employee of **PEEL BRIMLEY, LLP**