SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
POLLY TOWILL, *pro hac vice*
ptowill@sheppardmullin.com
HEATHER L. PLOCKY, *pro hac vice*
hplocky@sheppardmullin.com
ALLISON C. WONG, *pro hac vice*
acwong@sheppardmullin.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:    213.620.1780
Facsimile:    213.620.1398

GORDON REES SCULLY MANSUKHANI LLP
SEAN P. FLYNN, Nevada Bar No. 15408
sflynn@grsm.com
1 East Liberty Street, Suite 424
Reno, Nevada 89501
Telephone:    775.324.9800

Attorneys for Third-Party Defendant
NORTHWESTERN INDUSTRIES-ARIZONA, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE WHITING-TURNER CONTRACTING COMPANY, a Maryland corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>MOLLERUP GLASS COMPANY, a Utah corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; and DOES 1-25, inclusive,<br><br>                    Defendants. | Case No. 2:25-cv-00111-ART-DJA<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO AMEND THE SCHEDULING ORDER**<br><br>**[FIRST REQUEST]**<br><br>The Hon. Anne R. Traum |
| MOLLERUP GLASS COMPANY, a Utah corporation,<br><br>                    Third Party Plaintiff,<br><br>        v.<br><br>NORTHWESTERN INDUSTRIES-ARIZONA, INC, an Arizona corporation; DOES 1 through 100, inclusive,<br><br>                    Third Party Defendant. | |

This Joint Stipulation to Amend the Scheduling Order is filed pursuant to Local Rule 26-3 by third-party defendant Northwestern Industries-Arizona, Inc. ("NWI"), plaintiff The Whiting-Turner Contracting Company ("WTCC"), defendant and third-party plaintiff Mollerup Glass Company ("Mollerup"), and defendant Employers Mutual Casualty Company ("EMCC") (collectively, the "Parties"). This is the Parties' first request to amend the Scheduling Order. The Parties through their counsel of record hereby stipulate and agree as follows:

## I.      PROCEDURAL BACKGROUND

On December 6, 2024, WTCC filed a complaint against Mollerup and EMCC in the Eighth Judicial District Court for Clark County, Nevada. On January 17, 2025, Mollerup and EMCC removed the action to this Court. (Dkt. 1.). As described in the Joint Status Report filed on February 12, 2025 (Dkt. 8), this action arises out of the construction of a high-rise commercial office building owned by the Howard Hughes Corporation or its affiliated/related entities ("Project Owner"). WTCC, as Construction Manager, contracted with Defendant Mollerup to provide glass and glazing, including the installation of insulated glass units ("IGUs") manufactured by others. Briefly, WTCC alleges that (i) a number of IGUs "have shattered randomly throughout the Subject Property," and (ii) Mollerup breached and/or is in default of the parties' subcontract by failing or refusing to replace all of the IGUs (including unbroken IGUs that form the vast majority of the IGUs on the Project).

By way of its Answer and Third-Party Complaint ("TPC") (Dkt. 11), filed on February 13, 2025, Mollerup (i) denies that it caused WTCC's otherwise voluntary removal and replacement of unbroken IGUs, (ii) affirmatively contends that it (Mollerup) has promptly removed and replaced each and every broken IGU at its own expense and that promptly repairing and replacing each and every broken IGU at its own expense, and that WTCC's unreasonable demand for replacement of all unbroken IGUs (which form the vast majority of IGUs at the Project) has prevented resolution of the dispute, and (iii) asserts NWI's pass-through and direct liability, the manufacturer of the IGUs, for any damages Mollerup may be held to WTCC as well as its own costs and expenses arising from these events. WTCC disputes Mollerup's various contentions and assertions and

1   asserts that the removal and replacement of the IGUs was reasonable given the continued random

2   shattering of glass.

3       NWI waived service on March 13, 2025, and subsequently filed a motion to dismiss the

4   TPC in its entirety on May 9, 2025.  (Dkt. 21.)  NWI's motion to dismiss was fully briefed on June

5   20, 2025, and is still pending before this Court.  (Dkt. 32.)  NWI disputes the allegations in the

6   TPC and will vigorously defend itself.

7       Prior to NWI's first appearance in this action, on April 29, 2025, this Court issued the

8   Discovery Plan and Scheduling Order submitted by WTCC, Mollerup and EMCC.  (Dkt. 20.)

9                   **II.    DISCOVERY COMPLETED TO DATE**

10      The Parties have served extensive initial disclosures, engaged in written discovery and

11  scheduled an in-person inspection.  Voluminous document productions have been served with

12  initial disclosures, which included investigative reports, emails, photos and testing results.

13      On June 26, 2025, Mollerup filed and served a notice of visual inspection on WTCC

14  pertaining to approximately 60 IGUs removed from the Project by WTCC's subcontractor, Clear

15  Solutions Group ("Clear Solutions"), which WTCC has stored at Clear Solutions' facility in Las

16  Vegas.  (Dkt. 33.)  As noted in that inspection notice, the inspection was to be visual only, the

17  purpose of which was to "assess and evaluate the general condition of the [IGUs], their storage,

18  the condition of the premises in which they are stored and the appropriateness of the premises for

19  more detailed inspection and/or testing to be held at a later date." Stated differently, the initial

20  inspection was preliminary to, and in preparation for, a more detailed inspection of the IGUs by

21  Mollerup's experts and, by extension and invitation, experts for the other parties (the "Detailed

22  Inspection"). Expert analysis and opinion pertaining to the IGUs and alleged manufacturing

23  defects is highly important to this action.

24      On August 6, 2025, NWI propounded its first set of interrogatories, requests for production

25  and requests for admission on Mollerup.  Mollerup accordingly responded to this first set of

26  discovery on September 5.  NWI propounded its first set of interrogatories and requests for

27  production on EMCC on September 11, 2025.  On September 18, 2025, Mollerup propounded its

28  first set of interrogatories and requests for production on WTCC and NWI.  On October 3, 2025,

NWI propounded its first set of interrogatories, requests for production and requests for admission on WTCC.

On September 16, 2025, and while the parties were negotiating and coordinating the Detailed Inspection, NWI served a notice of visual inspection on WTCC. The Parties spent several weeks coordinating availability with numerous experts on dates and have just finalized an in-person inspection on November 18, 19 and 20 (and November 21 if necessary).

## III.    DISCOVERY THAT REMAINS TO BE COMPLETED

All Parties anticipate further written discovery and foresee the need to meet and confer regarding responses. At present, EMCC's responses to NWI's outstanding first set of interrogatories and requests for production are due October 13, 2025. Similarly, NWI and WTCC must respond to Mollerup's outstanding first set of interrogatories and requests for production by October 18, 2025. WTCC's responses to NWI's first set of interrogatories, requests for production and requests for admission are due November 3, 2026.

The Parties also anticipate taking fact witness and expert depositions given that NWI's initial disclosures identified eight (8) witnesses, Mollerup's initial disclosures identified twenty (20) witnesses, WTCC's initial disclosures identified four (4) witnesses, and EMCC's initial disclosures identified five (5) witnesses. Further, the Parties' initial disclosures identified several investigative reports, which will likely lead to extensive expert discovery and depositions.

Additionally, the visual inspection is scheduled for November 18-20, and the parties anticipate potential additional inspections or testing thereafter. The Parties anticipate the results of such inspections and testing to generate the need for further discovery.

## IV.    REASONS WHY THE SCHEDULING ORDER SHOULD BE AMENDED

The current initial expert disclosure deadline is November 13, 2025; however, due to the schedules of the various parties and, in particular, the numerous experts, the visual inspection is scheduled for November 18-20, 2025, after the expert disclosure deadline. Given that this inspection will necessarily inform the expert disclosures and further discovery, the Parties agree that the current expert deadlines and the ultimate discovery cut-off of January 12, 2026 are not workable.

This is an expert driven case.  As such, the Parties have had to expend significant time researching and retaining experts, reviewing the previously prepared reports and materials identified in the Parties' initial disclosures, and coordinating the upcoming inspection.

In addition, NWI had not yet appeared in the action when the Scheduling Order was entered.  Further, the briefing on NWI's motion to dismiss was not completed until late June, and a decision on the motion could alter the scope of the discovery and the case.  Finally, there is no risk of prejudice, as all Parties agree that more time is needed to complete discovery.

## V.    GOOD CAUSE TO EXTEND THE DEADLINE TO AMEND THE PLEADINGS AND ADD PARTIES

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings*, LLC, 870 F.3d 978, 989 (9th Cir. 2017).  Additionally, Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; *see also* LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Here, good cause exists to extend the deadline for parties to amend their pleadings or add parties.  Although the parties have been in regular communication and have been diligent in engaging in the preliminary aspects of discovery, investigation and discovery is on-going.  Additionally, expert analysis of the IGUs is scheduled for November 18-21, 2025.  Additional written discovery and the initiation of discovery depositions may identify additional potential

causes of action and/or parties.  Finally, there is no risk of prejudice to the Parties because they agree additional time is needed.

**VI.    PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

The Parties request an extension to allow them to resolve any current discovery disputes, complete additional written discovery, conduct depositions, disclose expert witnesses and produce reports, and conduct expert discovery.  Additionally, the Parties request that the dispositive motion cut-off be extended to allow for additional time after the close of discovery and the filing of any dispositive motions.  Accordingly, the proposed deadlines are as follows:

| DATE | EVENT | PROPOSED DATE |
|---|---|---|
| October 14, 2025 | Amendment of Pleadings and Addition of Parties | **February 13, 2026** |
| November 13, 2025 | Initial Expert Disclosures | **March 13, 2026** |
| December 12, 2025 | Rebuttal Expert Disclosures | **April 10, 2026** |
| December 22, 2025 | Deadline To File Request For Discovery Cut-Off Extension | **May 15, 2026** |
| January 12, 2026 | Discovery Cut-Off | **June 5, 2026** |
| January 14, 2026 | Dispositive Motion Cut-Off | **July 2, 2026** |
| March 13, 2026 | Joint Pretrial Order Deadline | **August 7, 2026** |

**IT IS SO STIPULATED.**

DATED this 13th day of October 2025.

/s/ Eric Zimbelman

Eric Zimbelman, Nevada Bar No. 9407
ezimbelman@peelbrimley.com
PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone: 702.990.7272
Facsimile: 702.990.7273

Attorneys for Defendant and Third-Party Plaintiff
MOLLERUP GLASS COMPANY

/s/ Heather L. Plocky

Heather L. Plocky, *pro hac vice*
hplocky@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:    213.620.1780
Facsimile:    213.620.1398

Sean P. Flynn, Nevada Bar No. 15408
GORDON REES SCULLY
MANSUKHANI LLP sflynn@grsm.com
1 East Liberty Street, Suite 424
Reno, Nevada 89501
Telephone:    775.324.9800

Attorneys for Third-Party Defendant
NORTHWESTERN INDUSTRIES-
ARIZONA, INC.

/s/ Kurt C. Faux

Kurt C. Faux, Nevada Bar No. 3407
kfaux@fauxlaw.com
THE FAUX LAW GROUP
2625 N. Green Valley Pkwy, Suite 100
Henderson, Nevada 89014
Telephone: 702.458.5790
Facsimile: 702.458.5794

Attorneys for Defendant,
EMPLOYERS MUTUAL
CASUALTY COMPANY

/s/ Pieter M. O'Leary

Pieter M. O'Leary, Nevada Bar No. 15297
poleary@lee-lawfirm.com
LEE, LANDRUM & INGLE
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
Telephone: 702.880.9750
Facsimile: 702.314.1210

Attorneys for Plaintiff,
THE WHITING-TURNER
CONTRACTING COMPANY

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED:   10/14/2025