SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
POLLY TOWILL, *pro hac vice*
ptowill@sheppardmullin.com
HEATHER L. PLOCKY, *pro hac vice*
hplocky@sheppardmullin.com
ALLISON C. WONG, *pro hac vice*
acwong@sheppardmullin.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:   213.620.1780
Facsimile:   213.620.1398

GORDON REES SCULLY MANSUKHANI LLP
SEAN P. FLYNN, Nevada Bar No. 15408
sflynn@grsm.com
1 East Liberty Street, Suite 424
Reno, Nevada 89501
Telephone:   775.324.9800

Attorneys for Third-Party Defendant
NORTHWESTERN INDUSTRIES-
ARIZONA, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE WHITING-TURNER CONTRACTING COMPANY, a Maryland corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOLLERUP GLASS COMPANY, a Utah corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; and DOES 1-25, inclusive,<br><br>Defendants.<br><br>MOLLERUP GLASS COMPANY, a Utah corporation,<br><br>Third Party Plaintiff,<br><br>v.<br><br>NORTHWESTERN INDUSTRIES-ARIZONA, INC, an Arizona corporation; DOES 1 through 100, inclusive,<br><br>Third Party Defendant. | Case No. 2:25-cv-00111-ART-DJA<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO AMEND THE SCHEDULING ORDER**<br><br>**[THIRD REQUEST]**<br><br>The Hon. Anne R. Traum |

SMRH:4914-8075-0740                JOINT STIPULATION TO AMEND THE SCHEDULING ORDER

This Joint Stipulation to Amend the Scheduling Order is filed pursuant to Local Rule 26-3 by third-party defendant Northwestern Industries-Arizona, Inc. ("NWI"), plaintiff The Whiting-Turner Contracting Company ("WTCC"), defendant and third-party plaintiff Mollerup Glass Company ("Mollerup"), and defendant Employers Mutual Casualty Company ("EMCC") (collectively, the "Parties").  This is the Parties' third request to amend the Scheduling Order.  In response to the Court's March 3, 2026 Order (ECF 49), the Parties have removed the request to extend the deadline to amend pleadings and add parties, but have maintained their requests to continue deadlines for expert disclosures, discovery cut-offs, dispositive motions, and pretrial filings as timely asserted in the Parties' Second Joint Stipulation to Amend the Scheduling Order (ECF 47) on February 20, 2026.  At this time, the Parties do not anticipate seeking any additional extensions and will act with due diligence to avoid a fourth request.  The Parties through their counsel of record hereby stipulate and agree as follows:

## I.      PROCEDURAL BACKGROUND

On December 6, 2024, WTCC filed a complaint against Mollerup and EMCC in the Eighth Judicial District Court for Clark County, Nevada.  On January 17, 2025, Mollerup and EMCC removed the action to this Court.  (Dkt. 1).  As described in the Joint Status Report filed on February 12, 2025 (Dkt. 8), this action arises out of the construction of a high-rise commercial office building owned by the Howard Hughes Corporation or its affiliated/related entities. WTCC, as Construction Manager, contracted with Defendant Mollerup to provide glass and glazing, including the installation of insulated glass units ("IGUs") manufactured by others.  Briefly, WTCC alleges that (i) a number of IGUs "have shattered randomly throughout the Subject Property," and (ii) Mollerup breached and/or is in default of the parties' subcontract by failing or refusing to replace all of the IGUs.

By way of its Answer and Third-Party Complaint ("TPC") (Dkt. 11) filed on February 13, 2025, Mollerup denies that it caused WTCC's otherwise voluntary removal and replacement of unbroken IGUs and affirmatively contends that it promptly removed and replaced every broken IGU at its own expense, and that such actions and WTCC's

demand for replacement of all unbroken IGUs have prevented resolution of the dispute. The TPC also asserted twelve claims under various, diverse theories against NWI, as the manufacturer of the IGUs, seeking to hold NWI liable for any damages Mollerup may owe WTCC for Mollerup's costs and expenses arising from these events.  WTCC disputes Mollerup's allegations and asserts that the removal and replacement of the IGUs was reasonable given the continued random shattering of glass in the tenant occupied office building adjacent to the Las Vegas Ballpark.

On April 29, 2025, this Court issued the Discovery Plan and Scheduling Order submitted by WTCC, Mollerup, and EMCC.  (Dkt. 20.)  At the time, NWI had yet to appear.  On May 9, 2025, NWI filed a motion to dismiss the TPC in its entirety.  (Dkt. 21).  Mollerup filed its opposition on June 6, 2025 (Dkt. 31), and NWI filed its reply on June 20, 2025 (Dkt. 32).  On October 13, 2025, the Parties filed a Joint Stipulation to Amend the Scheduling Order (Dkt. 42), which the Court entered on October 14, 2025 (Dkt. 43).

On November 3, 2025, pursuant to LR IA 7-1, NWI requested a ruling on its motion to dismiss the TPC to aid the Parties in their discovery efforts and facilitate mediation, which the Parties had scheduled for January 29, 2026 with the Hon. Elizabeth Gonzalez (Ret.) of ARM.  On January 8, 2026, the deadline for paying the mediation fee and the Court having not yet ruled on its motion to dismiss, NWI confirmed it would not participate in the previously scheduled mediation.

On January 23, 2026, however, the Court entered its order on NWI's motion to dismiss (Dkt. 46).  The Court dismissed ten of Mollerup's claims (with leave to amend). It, however, denied the motion as to Mollerup's claims for breach of contract and breach of express warranty.  Mollerup recently informed the Parties that it is not amending its TPC in response to the Court's decision with respect to the motion to dismiss, and NWI filed its Answer on February 20, 2026.  NWI disputes the allegations in the TPC.  The Mediation, previously scheduled January 29, 2026, has not yet been rescheduled.

## II.    DISCOVERY COMPLETED TO DATE

Throughout the period when NWI's motion to dismiss was pending, the Parties, including NWI, served initial disclosures, engaged in written discovery (including requests for production, interrogatories, and requests for admissions), met and conferred over written discovery, and produced voluminous documents, which included investigative reports, emails, photos, and testing results.  NWI has served four document subpoenas on third party witnesses, and some of these witnesses have recently produced documents.

The Parties have also engaged in inspection of the IGUs.  On June 26, 2025, Mollerup served a notice of visual inspection on WTCC pertaining to approximately 80 IGUs removed from the Project by WTCC's subcontractor, Clear Solutions Group ("Clear Solutions"), which WTCC has stored at Clear Solutions' facility in Las Vegas.  (Dkt. 33.) On November 18, 19, and 20, 2025, the Parties engaged in a further three-day inspection of these IGUs at Clear Solutions' facility.  The Parties had multiple consultants attend but no destructive testing was done at that time per the Parties' agreement as their respective consultants agreed that the initial inspection was necessary to determine further inspection requirements.

## III.    DISCOVERY THAT REMAINS TO BE COMPLETED

All Parties anticipate further written discovery and foresee the need to further meet and confer regarding responses.  In addition, NWI recently propounded Interrogatories, Set Three and Requests for Production, Set Three to Mollerup and Requests for Production, Set Two and Requests for Admission, Set Three to WTCC.  Responses are not yet due.  On February 4, 2026, WTCC served a Rule 30(b)(6) deposition notice on NWI and on February 5, 2026, WTCC served a Rule 30(b)(6) deposition notice on Mollerup.  Mollerup has also informed the Parties that it intends to serve subpoenas.

NWI is currently meeting and conferring with WTCC regarding WTCC's responses to NWI's Requests for Admission, Set Two and with Mollerup regarding Mollerup's Supplemental Responses to NWI's Interrogatories, Set One and Responses to NWI's Interrogatories, Set Two.  The Parties will also be scheduling meet and confer

conferences regarding WTCC's Rule 30(b)(6) deposition notices which shall occur no later than February 25, 2026. The Parties agree that WTCC's Rule 30(b)(6) depositions will proceed prior to March 27, 2026.[1]  The Parties also anticipate multiple fact witness depositions in addition to the Rule 30(b)(6) depositions.

At present, the most significant subject of the Parties' discovery and meet and confer efforts involves NWI's proposed destructive testing.  On February 5, 2026, NWI provided a protocol to the other parties that describes the testing it seeks to conduct, which involves the transportation of 19 IGUs from Clear Solutions in Las Vegas to Los Angeles where NWI's consultant will perform two to three days' worth of testing, as well as additional testing on one broken IGU that is already in Los Angeles.[2]  WTCC and Mollerup confirmed that they will each be sending multiple consultants to Los Angeles to observe and/or participate in this testing.  NWI is therefore coordinating with the three other parties and their numerous consultants to finalize the details of the testing and to coordinate dates that work for all Parties and multiple consultants who are located across the country.  These consultants have busy schedules and often travel around the country to attend such inspections, as will be the case here.  It does not appear that the Parties will be able to have all the necessary consultants present for the destructive testing until the very end of March or early April 2026 at the earliest.

The Parties also anticipate taking fact witness depositions.  The Parties have identified a significant number of fact witnesses: NWI's most recent disclosures identified eight (8) witnesses, Mollerup's most recent disclosures identified twenty (33) witnesses, WTCC's most recent disclosures identified four-three (43) witnesses, and EMCC's most recent disclosures identified five (5) witnesses.  The Parties shall meet and confer no later

---

[1] WTCC's Rule 30(b)(6) Notice to NWI set the deposition for February 27, 2026.  WTCC's Rule 30(b)(6) Notice to Mollerup set the deposition for March 13, 2026.

[2] WTCC, Mollerup, and EMCC reserve all rights as to the chain of custody for the three IGUs that NWI personnel transported to Los Angles in May 2024, as well as to the use of any observation, analysis, or opinion related to these three IGUs.

than February 25, 2026 to discuss fact witness deposition scheduling.  Further, the Parties' disclosures identified several investigative reports, which will lead to extensive expert discovery and depositions.

Putting aside the significant deposition discovery of fact witnesses that still must occur, the resolution of the main issues in this action will rest significantly on the opinions reached and the testimony offered by the Parties' respective expert witnesses.  The Parties anticipate the need to take extensive expert discovery on highly technical and complex scientific and technical matters from no less than twelve retained or non-retained expert witnesses.

### IV.    GOOD CAUSE EXISTS TO AMEND THE SCHEDULING ORDER

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings*, LLC, 870 F.3d 978, 989 (9th Cir. 2017).  Additionally, Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline."  *See* LR 26-3; *see also* LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).  Requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  *Id*. (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

### A.    Good Cause Exist to Extend the Existing Deadlines.

Here, good cause exists to extend the expert and fact discovery deadlines and pretrial deadlines.  As an initial matter, this request was timely when filed on February 20, 2026 (ECF 47) as to all requested deadline extensions, as it was made 21 days before the

expiration of the subject deadlines, the first being the current March 13, 2026 initial expert disclosure deadline. The Parties have scheduled destructive testing for April 28-30, 2026 based on the schedules of the Parties and consultants. There were difficulties in coordinating with multiple parties and consultants to schedule the necessary multi-day destructive testing in California. Although it is NWI's testing, the other parties and their consultants will need to observe it, and the test results will necessarily bear on the Parties' respective expert disclosures, expert discovery, and litigation strategy. Given these realities, the Parties agree that the current March 13, 2026 initial expert disclosure deadline is not workable.

Although the Parties need more time, with respect to the many critical scientific and technical issues in this case, the Parties have been proceeding diligently and efficiently. All Parties have already expended significant time researching and retaining consultants, reviewing the previously prepared reports and materials identified in the Parties' disclosures, engaged in intensive inspection, and are now coordinating the upcoming destructive testing. At the same time, as the Parties previously informed the Court, a decision on NWI's motion had the potential to alter the scope of discovery and the case. (Dkt. 42). That has now happened. With the benefit of the Court's January 30, 2026 Order, NWI can now conduct discovery in a focused and efficient but more in depth manner, including by its proposed destructive testing, something it could not effectively do until the parameters of the TPC were finally fixed and settled. NWI's motion to dismiss also sought to limit Mollerup's available remedies, and the Court's recent ruling, which limits the available remedies, has further impacted NWI's litigation and discovery strategy. Now that the Parties have clarity on the scope of Mollerup's claims against NWI, additional time is needed to allow them to direct their discovery, inspection, and testing efforts accordingly. Extending the expert discovery deadline will enable this.

Good cause also exists to extend the fact discovery cut-off date. Based on the number of identified witnesses and the Parties' extensive document productions, the Parties expect to take close to the maximum number of allowable depositions in this case.

In addition, the third parties that NWI have subpoenaed thus far have requested 30-45 day extensions to search for and produce documents, which NWI has granted.  The Parties anticipate serving additional document subpoenas and deposition subpoenas, and will need to coordinate with numerous third parties to do so.

**B.      Good Cause Exists To Set a Fact Discovery Cut-Off Before Expert Discovery.**

This is an intensely expert driven case, and thus the Parties request that discovery be phased so that the Parties complete fact discovery before any expert discovery, and that this Court set fact discovery and expert discovery cut-off dates.  This will enable the Parties to first focus on the fact discovery needed to obtain information for their respective consultants and experts to consider in reaching their opinions before the Parties serve their expert disclosures and conduct expert discovery.  Specifically, the Parties believe that deposition discovery from percipient witnesses regarding the manufacture, transportation, loading, storing, installation, and replacement of the IGUs will likely yield essential information that the experts will want and need to consider and rely upon.  A complete factual record will no doubt advance the probative value of the expert evidence.

The Parties expect there to be at least 12 expert witnesses, which may require the retention of additional rebuttal expert witnesses.  The expert reports and productions are expected to be voluminous and complicated, and the Parties will need sufficient time to review the likely detailed and complex reports and then prepare for extensive expert depositions.

Finally, there is no risk of prejudice, as all Parties agree that more time is needed to complete discovery.

**V.      PROPOSED SCHEDULE OF REMAINING DEADLINES**

The Parties have met and conferred and discussed these deadlines in detail.  The Parties request a fact discovery cut-off date of August 28, 2026, which will allow the Parties time to coordinate the destructive testing, analyze the results, and determine any additional fact discovery to take based on the results.  It will also provide time to resolve any current discovery disputes, complete additional written discovery, and coordinate and

take extensive lay witness depositions.  The Parties also request that the expert disclosure deadlines be moved after the fact discovery cut-off date and that an expert discovery cut-off date of December 17, 2026 be set, as this is such an expert intensive case. Additionally, the Parties request that the dispositive motion cut-off and pretrial order deadline be similarly extended.  Accordingly, the proposed deadlines are as follows:

| DATE | EVENT | PROPOSED DATE |
|---|---|---|
| | Fact Discovery Cut-Off | **August 28, 2026** |
| March 13, 2026 | Initial Expert Disclosures | **October 9, 2026** |
| April 10, 2026 | Rebuttal Expert Disclosures | **November 6, 2026** |
| June 5, 2026 | Expert Discovery Cut-Off | **December 17, 2026** |
| July 2, 2026 | Dispositive Motion Cut-Off | **January 29, 2027** |
| August 7, 2026 | Joint Pretrial Order Deadline | **February 26, 2027** |

**IT IS SO STIPULATED.**

DATED this 4th day of March 2026.

/s/ Eric Zimbelman
_____

Eric Zimbelman, Nevada Bar No. 9407
ezimbelman@peelbrimley.com
PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone: 702.990.7272
Facsimile: 702.990.7273

Attorneys for Defendant and Third-Party Plaintiff
MOLLERUP GLASS COMPANY

/s/ Heather Plocky
_____

Heather Plocky, *pro hac vice*
hplocky@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:   213.620.1780
Facsimile:   213.620.1398

Sean P. Flynn, Nevada Bar No. 15408
GORDON REES SCULLY MANSUKHANI LLP
sflynn@grsm.com
1 East Liberty Street, Suite 424
Reno, Nevada 89501
Telephone:   775.324.9800

Attorneys for Third-Party Defendant
NORTHWESTERN INDUSTRIES-ARIZONA, INC.

/s/ Jordan Faux
_____

Jordan Faux, Nevada Bar No. 12205
jfaux@fauxlaw.com
kfaux@fauxlaw.com
THE FAUX LAW GROUP
2625 N. Green Valley Pkwy, Suite 100
Henderson, Nevada 89014
Telephone: 702.458.5790
Facsimile: 702.458.5794

Attorneys for Defendant,
EMPLOYERS MUTUAL CASUALTY COMPANY

/s/ Pieter M. O'Leary
_____

Pieter M. O'Leary, Nevada Bar No. 15297
poleary@lee-lawfirm.com
LEE, LANDRUM & INGLE
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
Telephone: 702.880.9750
Facsimile: 702.314.1210

Attorneys for Plaintiff,
THE WHITING-TURNER CONTRACTING COMPANY

**IT IS SO ORDERED.**

DATED: 3/5/2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

SMRH:4914-8075-0740
JOINT STIPULATION TO AMEND THE SCHEDULING ORDER